## Kidder et al. *versus* Lovell.

In an action by a husband for a conspiracy to induce his wife to leave him, the declarations of the wife, made on the day previous to her departure, of *former* causes of complaint against her husband, are not evidence on the part of defendants, as *res gestæ*.

ERROR to the Common Pleas of *Warren county*.

This was an action of trespass on the case, by Lovell against Kidder and others, for a conspiracy to induce the wife of Lovell to desert the residence and society of her husband, without any just cause.

On the trial, before CHURCH, J., the defendants, in support of the issue on their part, offered to prove, by the declarations of the plaintiff's wife, made the day before she left plaintiff, what reason induced her to leave her husband, and when she intended to leave. To which evidence plaintiff did then and there object, and thereupon the court overruled the objection and permitted the evidence to be given, &c.

The defendants then offered the deposition of Louisa Beebe, *as the evidence embraced in the above offer*. To which deposition the plaintiff objected, because the deposition does not contain the evidence proposed and permitted by the court, and because it is incompetent for defendants to prove the conduct of plaintiff and his friends, *at other times*, and wholly independent of the time or proximate to the act or period of leaving, by the mere declarations of the wife.

Whereupon the court *sustain* the objection to the deposition so offered as an entirety, because it does not appear to be any thing more than the mere naked, independent declarations of the wife, of acts of plaintiff towards her, long prior to and unconnected with any immediate alleged cause of her leaving, and because it does not appear to have been given by the wife as the reason for her then contemplated departure, and no other evidence is offered in connection with it to prove these were her alleged reasons for leaving her husband. Defendants, by their counsel, excepted.

[Kidder et al. *v.* Lovell.]

The defendants, by their counsel, then proposed to ask their witness, James Follett, how long he had known the plaintiff's wife, and what her *natural disposition* was.    To which plaintiff objected, on the ground that the testimony proposed was wholly irrelevant. And the court sustained the objection.    Defendants, by their counsel, excepted.

Verdict for plaintiff, against three of the four defendants, for three hundred dollars.

It was assigned for error:
1. The court erred in rejecting the deposition.
2. The court erred in sustaining the objection to defendants' offer.

The case was argued by *Galbraith*, for plaintiffs in error.    By *Brown*, for defendant.

The opinion of the court was delivered by

BELL, J.—Whether, in an action like this, the declarations of an absconding wife, made on the eve of her departure, and in special reference to it, as explanatory of the moving cause, could be received in evidence, as of the *res gestæ*, it does not seem to be necessary here to determine.    When the offer of the declarations was first proffered, the court below ruled them admissible, upon the understanding, conveyed by the offer, that they were contemporaneous with the main fact under consideration, and so connected with it as to illustrate its character.    It is only their immediate connection with the principal fact which can distinguish such declarations from mere hearsay.    To become of the *res gestæ*, they must have been made at the time of the act done, which they are supposed to illustrate: 3 *Con. R.* 250; an instance of which was furnished at the trial of Lord George Gordon, where the cry of the mob, which accompanied the defendant, was proved, as showing the intent and design of the whole movement.    It might be objected, with great show of reason, that permitting even this, in a contest where a husband is a party, would be in direct contravention of the rule of policy, which prohibits married persons from testifying for or against each other, though under the sanction of an oath.    The same rule is still more stringent in excluding the declarations *in pais* of the wife, as a means of affecting the husband's rights, unless made as his agent; or where, as pointed out in Steele *v.* Thompson, 3 *Pa. Rep.* 39, they are in the nature of *facts*, giving rise to presumptions, not based on the credit of the declarant, but deduced from the fact that admissions touching the rights and interest of the husband were made.    Indeed, declarations which are evidence in immediate connection with a particular fact, are so because they are part of the fact itself, and necessary for a full understanding of its import and effect.    In Hadley *v.* Carter, 8 *N. Hamp.* 40,

[Kidder et al. *v.* Lovell.]

this doctrine was carried to the very verge of safety, when in an action for enticing away a servant, the declarations of the latter, made at the moment of departure, were received, to show the actuating cause, existing at the moment. But here, were this application of the rule extended to embrace the averments of a wife, the concession would not be broad enough to cover the contents of the deposition rejected on the trial. The details which it proposes to give from the mouth of the wife, possess not one quality of *res gestæ*. So far from being an exposition of a contemporaneous fact, necessary to its elucidation, the narrative given by the proposed witness is a history of the bickerings, quarrels, and difficulties, which, it is said, unhappily beset the lives of this husband and wife, apparently extending over a series of years, and having no necessary connection with the subsequent elopement, which, for aught that appears, might have been, immediately, occasioned by some new fact, though doubtless colored by the sad hue of prior disagreements. Were such communications as these *clothed* with the character of evidence, the manufacture of testimony would be an easy operation, the very facility of which would provoke to falsehood. Instead of closing the wife's mouth as a witness *against* her husband, we should invite her to accusations, prompted by embittered feeling, and probably deeply tinged by the jaundiced medium through which she derived her perceptions. But it is enough that the proposed testimony had nothing in or about it of the character of fact ; nothing partaking of *res gestæ*, and that its reception would involve a total departure from the rule of exclusion I have adverted to. Possibly, under some circumstances, the declarations of a flying wife might furnish a mode of proof, but certainly those offered in this instance are not of that class.

The plaintiff in error has not ventured even to suggest a ground upon which the question furnishing the subject of the second bill of exceptions could be regarded as relevant; and we have failed to perceive one. The court were right in esteeming it wholly impertinent.

Judgment affirmed.